IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HALL ARTS CENTER OFFICE, LLC, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> § <br> HANOVER INSURANCE COMPANY, § <br> DEFENDANT. § | CIVIL ACTION NO. 3:16-CV-03226-L <br><br> [JURY DEMANDED] |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING EVIDENCE OF THIRD-PARTY NEGLIGENCE OR SUBROGATION**

Plaintiff Hall Arts Center Office, LLC ("Hall Arts") files this brief in support of its motion in limine and to exclude evidence of, reference to, or argument concerning any third-party negligence or subrogation.

**INTRODUCTION**

In its contentions in the Joint Pre-Trial Order, its trial exhibit list and deposition designations, Hanover Insurance has demonstrated its intent to blame Turner Construction and/or other third parties for delays to the substantial completion of KPMG Plaza as a whole and other contractual milestones in the Turner Construction Agreement.[1]  For example, Hanover Insurance contends that delays in construction were "caused solely by Turner."  *See* Joint Pre-Trial Order at 12.  As explained in Hall Arts' Brief in Support of Motion in Limine Regarding Evidence of Delay to Substantial Completion of KPMG Plaza, and further in Hall Arts' Brief in Support of Motion in Limine Regarding Evidence of Third Party Settlement Communications and Agreement, such information is of no consequence to this action and therefore irrelevant.  FED. R. EVID. 401, 402.  Likewise, any evidence of third-party negligence, including that of any subcontractor or utilities

---

[1] *See e.g.,* Joint Pre-Trial Order (Doc. 138) at 12; *see also* Hanover Insurance Exhibits 17, 28, 29, 53, 54, 62, and 63.

provider, is irrelevant and, even if it were relevant, its probative value is substantially outweighed by the risk of unfair prejudice or confusion of the issues. FED. R. EVID. 403. And further, Hanover Insurance has no asserted a claim in subrogation, has not designated any responsible third party, and has not requested and is not entitled to any jury question or instruction regarding the negligence of third parties considering that Hall Arts has sued for breach of contract and statutory violations. Accordingly, the Court should exclude all evidence of, reference to, or argument concerning any third-party negligence or subrogation.

## ARGUMENT

I. **Evidence of Third-Party Negligence or Subrogation is Irrelevant to this Action**

Any evidence of, reference to, or argument concerning any third-party negligence is not relevant to the issues in this lawsuit and is of no consequence in determining the action. FED. R. EVID. 401, 402. Indeed, Hanover Insurance has not, and cannot, designate any responsible third party and has not and cannot request a comparative negligence instruction in its draft jury charge. Furthermore, although Hanover Insurance had retained subrogation counsel as early as July 27, 2015 in connection with the bus duct damage, Hanover Insurance never sued in subrogation in connection with Hall Arts' delay claim.[2] Therefore, any evidence of, reference to, or argument concerning any third-party negligence or subrogation is irrelevant to this action. FED. R. EVID. 401, 402.

II. **Any Relevance of this Evidence is Substantially Outweighed by the Risk of Undue Prejudice**

Even if the Court determines that this evidence has some relevance, it should still be excluded under Rule 403 on the grounds that it is extremely prejudicial. This Court is empowered

---

[2] "Q. You don't know of any subrogation claims that Hanover Insurance has made in connection with Hall Arts delay claim, do you? A. I do not, no." (Clontz Dep. 108:8-11.)

to exclude evidence under Rule 403 when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 403.  In particular, Hanover Insurance seeks to admit as Exhibit 62 its claim notes in connection with Hall Arts' delay claim, which contain references to subrogation that would undoubtedly prejudice the jury by suggesting that a third-party's negligence is at issue in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Hall Arts respectfully request that the Court exclude evidence of, reference to, or argument concerning any third-party negligence or subrogation.

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: /s/ Constantine Z. Pamphilis
    Constantine Z. Pamphilis
    State Bar No. 00794419
    Nathan W. Richardson (*Pro Hac Vice*)
    State Bar No. 24094914
    1415 Louisiana Street, Suite 2100
    Houston, Texas 77002-7344
    (713) 220-8800 (Telephone)
    (713) 222-0843 (Facsimile)
    Email:  DPamphilis@kasowitz.com

&

TILLOTSON LAW FIRM

    Jeffrey M. Tillotson
    State Bar No. 20039200
    1807 Ross Ave., Suite 325
    Dallas, Texas 75201
    (214) 382-3040
    Email:  jtillotson@tillotsonlaw.com

**ATTORNEYS FOR PLAINTIFF HALL ARTS CENTER OFFICE, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served on this the 14th day of October, 2019 on all counsel of record via CM/ECF, and/or email, pursuant to the Rules of Civil Procedure:

Marc C. Dodart
mark.dodart@phelps.com
Peri H. Alkas
peri.alkas@phelps.com
Chad Schreiber
chad.schreiber@phelps.com

            /s/ Nathan W. Richardson
            Nathan W. Richardson