IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HALL ARTS CENTER OFFICE, LLC, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-03226-L |
| | § | |
| | § | [JURY DEMANDED] |
| HANOVER INSURANCE COMPANY, | § | |
|     DEFENDANT. | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING
EVIDENCE OF THIRD-PARTY SETTLEMENT**

Plaintiff Hall Arts Center Office, LLC ("Hall Arts") files this brief in support of its motion in limine and to exclude evidence of, reference to, or argument concerning the settlement agreement between Hall Arts and third-party Turner Construction Company, liquidated damages under the Turner Construction Agreement, the negotiation of such settlement agreement, the amount of such settlement agreement, or any offset of damages as a result of such settlement agreement.

**INTRODUCTION**

In its contentions in the Joint Pre-Trial Order and exhibit list, Hanover Insurance has demonstrated its intent to seek to admit evidence of settlement communications and a settlement agreement between Hall Arts and its general contractor Turner Construction Company ("Turner") which have no bearing on any issue in this action.[1] Hall Arts and Turner negotiated and finalized a settlement agreement on March 30, 2016 regarding Turner's failure to meet certain contractual milestones in their agreement with Hall Arts, including substantial completion of KPMG Plaza as

---

[1] *See e.g.,* Joint Pre-Trial Order (Doc. 138) at 12 (discussing settlement between Hall Arts and Turner); *see also* Hanover Insurance Exhibit Nos. 17, 53, 54, and 55.

a whole (which includes the entire office building, retail space and art walk), disputed change order requests, disputed payment applications for subcontractors, warranty commencement dates, and remaining punch list items needed for completion. Although they are clearly inadmissible under Rules 401, 402, 403 and 408, Hanover Insurance seeks to admit evidence of these settlement discussions and negotiations as Hanover Insurance Exhibits 53, 54, and 55, and the Turner Settlement Agreement as Exhibit 17.[2] FED. R. EVID. 401, 402, 403 and 408.

As explained in Hall Arts' Brief in Support of Motion in Limine Regarding Evidence of Delay to Substantial Completion of KPMG Plaza, the contractual milestones in the Turner Construction Agreement are of no consequence to this action and are therefore irrelevant. FED. R. EVID. 401, 402. But moreover, even if such evidence were relevant, which it is not, the probative value is substantially outweighed by the risk of unfair prejudice or confusion of the issues for the jury. FED. R. EVID. 403. Furthermore, Hall Arts settlement communications and settlement agreement with Turner is clearly evidence of a collateral source that is inadmissible. FED. R. EVID. 408. *See Philips v. W. Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992) ("The concern that juries will factor in evidence of collateral benefits when determining liability has historically been the leading reason for excluding such evidence.")

The Court should therefore exclude all evidence of, reference to, or argument concerning the settlement agreement between Hall Arts and Turner, liquidated damages under the Turner Construction Agreement, the negotiation of such settlement agreement, the amount of such settlement agreement, or any credit or offset of damages as a result of such settlement agreement.

---

[2] Hall Arts objects to and seeks to exclude Hanover Insurance Exhibits 17, 53, 54, and 55.

**ARGUMENT**

**I.      The Turner Settlement Agreement is Inadmissible Under Rule 408**

The Turner Settlement Agreement is the epitome of evidence that is not admissible pursuant to Rule 408 of the Federal Rules of Evidence, because it represents a collateral source.

Rule 408 prevents the admission of a settlement agreement "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" FED. R. EVID. 408. The settlement agreement between Hall Arts and Turner falls squarely within the parameters of Rule 408 and thus any evidence of, reference to, or argument concerning the same should be excluded from evidence. *See Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 299-300 (5th Cir. 2010) (finding harmful error where district court admitted settlement related document); *Cooper v. Meritor, Inc.*, 2019 WL 1028530, at *24 (N.D. Miss. Mar. 4, 2019) (affirming exclusion of settlement agreement "particularly with regard to a subject of this litigation" because it "carries a substantial risk of unfair prejudice by suggesting a predetermination of liability.").

Likewise, the settlement payment described in the settlement agreement constitutes a collateral source that will undoubtedly prejudice Hall Arts by confusing the jury in deciding damages in this action. *See Phillips*, 953 F.2d at 929 ("The concern that juries will factor in evidence of collateral benefits when determining liability has historically been the leading reason for excluding such evidence."); *Simmons v. Hoegh Lines*, 784 F. 2d 1234, 1237 (5th Cir. 1986) ("[J]uries will be more likely to find no liability when they are aware the plaintiff has already received some compensation."); *Structural Metals, Inc. v. S&C Elec. Co.*, SA-09-CV-984-XR, 2013 WL 870084, at *5 (W.D. Tex. Mar. 7, 2013) (holding that collateral source rule applies to contract claims); *Metoyer v. Auto Club Family Ins. Co.*, 436 F. Supp. 2d 664, 669 (E.D. La. 2008) (granting motion in limine re collateral source and holding that the collateral source rule applies

to contract claims); *Global Petrotech, Inc. v. Englehard Corp.*, 824 F. Supp. 103, 103 (S.D. Tex. 1993) (holding that collateral source rule applies to causes of action under the DTPA).[3]  Indeed, as explained in *Philips*:

> It is undoubtedly true that knowledge that an injured plaintiff has resources available to compensate him for his loss, separate from the defendant, may divert the jury's attention from its narrow task of determining whether the defendant was negligent.  The jury may feel that awarding damages would overcompensate the plaintiff for his injury (even though the defendant would only pay once), and may factor this into the liability calculus.

*Id*. at 929-30.

## II. The Turner Settlement Agreement is Irrelevant to the Issues at Trial

Any evidence of the settlement agreement between Hall Arts and third-party Turner or the negotiation of such settlement agreement is irrelevant because the contractual milestones in the Turner Construction Agreement are of no consequence to this action.  During the summary judgment stage of this litigation, Hanover Insurance argued that "the Policy only covers delays to construction milestones for the entire KPMG Plaza, as set forth in the [Turner Construction Agreement]."  *See Hall Arts Center Office, LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 993 (N.D. Tex. 2018).  However, Judge Fitzwater rejected such argument and, instead, held that "[w]hen considering lost rental income, the court looks to whether the Weather Event delayed the date KPMG began paying rent, per the terms of the KPMG lease."  *Id*.  In other words, Judge Fitzwater held that the milestones in the Turner Construction Agreement—which is what the Hall

---

[3] Even if this Court were to hold that the collateral source rule does not apply to contract claims, the rule nevertheless applies here because Hall Arts' claims under the Texas Insurance Code are considered tort claims pursuant to Texas law.  *See Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 474 (5th Cir. 2005) (referring to claims for violation of Texas Insurance Code as a "tort" claim); *Cano v. State Farm Lloyds*, 276 F. Supp. 3d 620, 628 (N.D. Tex. 2017) (Lindsay, Sam A.) (referring to plaintiff's claims under Texas Insurance Code as "tort claims"); *Peterson v. State Farm Lloyds*, 242 F. Supp. 3d 557, 563 (W.D. Tex. 2017) ("Accordingly, under Texas law, 'extra-contractual *tort claims* pursuant to the Texas Insurance Code…") (internal citation omitted) (emphasis added).

4

Arts and Turner settlement agreement is based upon—are irrelevant to Hall Arts' delay claim. FED. R. EVID. 401, 402; *see also* Fed. R. Civ. P. 56 (d); *Fed. Deposit Ins. Corp. v. Massingill,* 24 F.3d 768, 774 (5th Cir. 1994) (holding that a partial summary judgment order in accordance with Rule 56(d) is a pre-trial adjudication that certain issues are established for trial of the case); *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-CV-1827, 2012 WL 2911968, at *4 (S.D. Tex. July 16, 2012) (granting motion in limine based on issues resolved in denying defendant's motion for summary judgment and therefore holding that "this issue may not be relitigated"); *Leddy v. Standard Drywall, Inc*., 875 F.2d 383, 386 (2d Cir. 1989) (holding that once a district judge issues a partial summary judgment order removing certain claims from a case, the parties have the right to rely on the ruling by forbearing from introducing any evidence or cross-examining witnesses in regard to those claims); *Cook v. Perkins*, No. 12-258-SCR, 2014 WL 51165, at *1 (M.D. La. Jan. 7, 2014) (granting motion in limine on issue resolved on summary judgment). The relevant "delay," which both the Court and Hanover Insurance have acknowledged, is the delay to the commencement of KPMG's tenant fit-out and duty to pay rent upon completion of that buildout.[4] There is nothing in Hall Arts settlement communications or agreement with Turner that is relevant to that "delay."[5]

---

[4] *See* Hanover Insurance draft jury charge, p. 9 (Defining "Delay period" as the "period of time the completion of KPMG's build out was delayed as a direct result of water damage to Bus Duct B from the weather event which occurred on October 13, 2014.")

[5] To the extent Hanover Insurance argues that the Turner Settlement Agreement should be admissible to show bias, the specific terms of the settlement, including the dollar amount, is not admissible pursuant to Rules 403 and 408 of the Federal Rules of Evidence, because there is a high risk that the jury may think Hall Arts has either not suffered damages or that it has been compensated for its damages. *See Glaze v. G&B Marine, Inc.*, No. Civ. A. 95-1845, 1997 WL 35221 (E. D. La. Jan. 27, 1997) ("The existence of a settlement agreement between the plaintiff and G&B Marine, Inc. along with the fact that this settlement gives G&B Marine, Inc. an economic interest in the plaintiff's case is inadmissible for the purpose of showing the potential bias or prejudice of a witness. The specific terms of the settlement including the dollar amount are not admissible in that this information would tend to confuse the jury or is otherwise not admissible under Rule 408."). Moreover, and as explained in more detail herein, disclosing to the jury that Hall Arts and Turner entered into a settlement agreement, which in and of itself, may prejudice the jury into believing that Turner caused the delay, when it reality the Turner Settlement Agreement concerned the payment of liquidated damages pursuant to the Turner Construction Agreement and delay to substantial completion of KPMG Plaza as a whole (which includes the entire office building, retail space and art walk), which is not relevant here.

### III. Any Relevance of this Evidence is Substantially Outweighed by the Risk of Undue Prejudice

Even if the Court determines that this evidence has some relevance, it should still be excluded under Rule 403 on the grounds that it is extremely prejudicial. This Court is empowered to exclude evidence under Rule 403 when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 403. It is patently obvious that evidence of Hall Arts' settlement agreement with Turner will unduly prejudice the jury and confuse the issues and require Hall Arts to devote time at trial demonstrating that the disputed delays to contractual milestones in the Turner Construction Agreement are not at issue for the jury to consider and that Turner's settlement payment to Hall Arts is not relevant to its damages in this case. Likewise, because the settlement agreement itself is not evidence of any wrongdoing or negligence by Turner or any other third party, if the Court determines that third-party negligence is relevant, Hanover can seek to elicit testimony or use exhibits other than the settlement agreement to make such point.

### CONCLUSION

For the foregoing reasons, Plaintiff Hall Arts respectfully request that the Court exclude evidence of, reference to, or concerning the settlement agreement between Hall Arts and third-party Turner Construction Company, liquidated damages under the Turner Construction Agreement, the negotiation of such settlement agreement, the amount of such settlement agreement, or any offset of damages as a result of such settlement agreement.

6

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: /s/ Constantine Z. Pamphilis
Constantine Z. Pamphilis
State Bar No. 00794419
Nathan W. Richardson (*Pro Hac Vice*)
State Bar No. 24094914
1415 Louisiana Street, Suite 2100
Houston, Texas 77002-7344
(713) 220-8800 (Telephone)
(713) 222-0843 (Facsimile)
Email: DPamphilis@kasowitz.com

&

TILLOTSON LAW FIRM

Jeffrey M. Tillotson
State Bar No. 20039200
1807 Ross Ave., Suite 325
Dallas, Texas 75201
(214) 382-3040
Email: jtillotson@tillotsonlaw.com

**ATTORNEYS FOR PLAINTIFF HALL ARTS CENTER OFFICE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on this the 14th day of October, 2019 on all counsel of record via CM/ECF, and/or email, pursuant to the Rules of Civil Procedure:

Marc C. Dodart
mark.dodart@phelps.com
Peri H. Alkas
peri.alkas@phelps.com
Chad Schreiber
chad.schreiber@phelps.com

/s/ Nathan W. Richardson
Nathan W. Richardson

7