**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HALL ARTS CENTER OFFICE, LLC,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-CV-03226-L** |
| | § | |
| | § | **[JURY DEMANDED]** |
| **HANOVER INSURANCE COMPANY,** | § | |
| **DEFENDANT.** | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING
POLICY INTERPRETATION**

Plaintiff Hall Arts Center Office, LLC ("Hall Arts") files this brief in support of its motion in limine and to exclude evidence of, reference to, or argument interpreting the Hanover Insurance Policy at issue, particularly with respect to the Policy's delay period and/or 30-day waiting period.

**INTRODUCTION**

On August 22, 2013, Hanover Insurance issued a Commercial Builder's Risk insurance Policy to Hall Arts (the "Policy") which neither party has plead is ambiguous.  Nevertheless, and despite the fact that the waiting period is not included in the deductible section of the Policy, in the Joint Pre-Trial Order and its designation of deposition testimony of Maureen Hagen, Hanover Insurance has demonstrated its intent to introduce evidence that the Policy's 30-day waiting period is a deductible, rather than merely a qualification period.  Any testimony interpreting the unambiguous Policy and its waiting period is not only irrelevant (Fed. R. Evid. 401, 402), such testimony is improper because it infringes on the court's duty to instruct the jury on the law. Hanover Insurance has also failed to timely designate any expert to testify concerning the Policy. FED. R. CIV. P. 26(a)(2)(A); FED. R. EVID. 702.  Moreover, none of Hanover Insurance's witnesses may testify to their interpretation of the Policy.  First, Hagen has admitted she has no personal

knowledge or involvement in any matters relating to the negotiation, underwriting, sale of, or claims handling of the Policy at issue (FED. R. EVID. 602, 701).  Second, Gus Cois, Hanover Insurance's construction expert, has admitted he did not rely on the Policy in forming his opinions in this matter.  Third, Ronnie Dutton, Hanover's damages expert, has admitted that he is not qualified to offer and is not offering any opinions concerning the Policy.

The Court should therefore exclude evidence of, reference to, or argument interpreting the Hanover Insurance Policy at issue, particularly with respect to the 30-day waiting period.

## ARGUMENT

### I.     Hanover Insurance Seeks To Usurp the Court Role in Instructing the Jury on the Law

When a contract is not ambiguous, courts will construe it as a matter of law.  *El Paso Field Servs., L.P. v. MasTec N. Am, Inc.*, 389 S.W.3d 802, 806 (Tex. 2012).  Indeed, it is error for a trial court to submit an unambiguous contract for interpretation to the jury rather than construing it as a matter of law.  *Grohman v.* Kahlig, 318 S.W.3d 882, 887 (Tex. 2010).  Here, neither Hall Arts nor Hanover Insurance have claimed that the Policy is ambiguous.  By seeking summary judgment on the Policy, Hanover Insurance has conceded that it is not ambiguous.  Any evidence of or testimony interpreting the plain and unambiguous language of the Policy—whether by an expert or lay witness—would not only infringe upon the Court's role in instructing the jury on the law, such evidence or testimony is irrelevant and not at issue for the jury to decide.  FED. R. EVID. 401, 402.

### II.     Hanover Insurance Has Not Timely or Properly Designated Any Expert to Testify Concerning the Policy

Generally speaking, expert testimony is not permitted regarding contract interpretation or the legal significance of contract language.  *See Fisher v. Haliburton*, Nos. H-05-1731, H-06-1168, 2009 WL 5216949, at *4 (S.D. Tex. Dec. 21, 2009) ("[I]n the absence of specialized trade usage,

expert testimony regarding proper contract interpretation is inadmissible, as is expert testimony regarding the legal significance of the contract language." (internal citation omitted); *Vanderbilt Mortg. and Finance, Inc. v. Flores*, No. C-09-312, 2010 WL 4595592, at \*6 (S.D. Tex. Nov. 1, 2010) (same).   Further, Hanover Insurance has not designated any expert witness to testify concerning the Policy, nor has Hanover Insurance provided any expert report on such issues. *See* FED. R. CIV. P. 26(a)(2)(A).   Despite this, Hanover Insurance's deposition designations for Maureen Hagen, who works in underwriting at Hanover, illustrates that it intends to offer "expert" testimony concerning waiting periods in insurance policies generally.   Hagen was not designated as an expert witness and did not provide an expert report as required by the Court's November 16, 2017 Scheduling Order.

Hagen is therefore a lay witness that has not been qualified as an expert by knowledge, skill, experience, training or education and, therefore, neither she, nor any other Hanover Insurance witness, including Gus Cois, Andrew Norris, and Ronnie Dutton, should be permitted to provide expert testimony interpreting the Hanover Insurance Policy at issue here, or any other insurance policy for that matter.   FED. R. EVID. 702; *see also Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882-84 (5th Cir. 2004) (affirming the exclusion of expert testimony from untimely designation of witness).

## III.   <u>Maureen Hagen Lacks the Personal Knowledge Necessary to Testify as a Lay Witness Concerning the Policy</u>

Hagen is also not competent to testify as a fact witness concerning the Policy.  She lacks personal knowledge of the particular Policy at issue, the negotiations between Hall Arts and Hanover Insurance concerning the Policy, the underwriting of the Policy, the drafting of the Policy, and the claims handling of the Policy sufficient to testify concerning her interpretation of the Policy.

Under Rule 602 of the Federal Rules of Evidence, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See* FED. R. EVID. 602 Advisory Committee's Note (defining personal knowledge to mean that the witness "must have had an opportunity to observe, and must have actually observed that fact").   Under Rule 701 of the Federal Rules of Evidence, a "witness must have personalized knowledge of the facts underlying" his opinion and "the opinion must have a rational connection to those facts." *See Mississippi Chemical Corp. v. Dresser-Rand. Co.*, 287 F.3d 359, 373 (5th Cir. 2002); *see also* FED. R. EVID. 701. Hagen has no personal knowledge whatsoever concerning any of the issues in this lawsuit.  Specifically, Hagen testified that she did not have personal knowledge of (a) the sale of the Policy; (b) the underwriting of the Policy; (c) negotiation of the Policy; or (d) the claims handling of the Policy.[1]

Accordingly, because Hagen has no personal knowledge of any information concerning the Policy at issue here, she is not qualified to testify as a lay witness concerning the Policy.  FED. R. EVID. 602, 701.

## IV.   Hanover Insurance's Experts Admit that they Did Not Rely on the Policy in Forming Their Opinions or Otherwise Are Not Experts in Insurance Policies

Neither of Hanover Insurance's timely designated experts (i.e., Gus Cois and Ronnie Dutton) were designated to testify concerning the Policy at issue here.  Hanover Insurance's expert, Gus Cois, testified that he did not rely on the Policy in forming his opinions in this matter and, instead, only relied on the contractual milestones in the Turner Construction Agreement including the milestone for substantial completion.[2]  FED. R. EVID. 401, 402, 403.  Cois therefore has no

---

[1] "Q. Did you have any personal involvement in these topics?  A. No, I did not.  No, I did not.  Q.  So you were not personally involved in the sale of the policy?  A. No.  Q. And you were not personally involved in the underwriting of the policy?  A. No.  Q. And you were not personally involved in negotiating the policy?  A. No.  Q. and you were not personally involved in drafting the policy?  A. No.  Q. Were you involved in the claims handling of this policy? A. No."  (Hagen Dep. at 30:19-31:10.)

[2] "Q. . . . Before finalizing your expert report marked as Exhibit 1, you did not review the Hall Arts insurance policy

basis to testify concerning Hall Arts' claimed delay period, or any other provision of the Policy for that matter.

Additionally, Hanover Insurance's damages expert, Ronnie Dutton, testified that he is not an expert in insurance coverage or in interpreting terms and conditions of the Policy.[3]  And further, Dutton testified that testimony concerning the Policy's waiting period is outside the scope of his expert testimony.[4]  FED. R. EVID. 702.  Therefore, because neither Cois nor Dutton relied on the Policy in forming their opinions or otherwise admit that they are not an expert in interpreting terms and conditions of insurance policies, they should not be permitted to testify concerning the Policy.

## CONCLUSION

For the foregoing reasons, Plaintiff Hall Arts respectfully request that the Court exclude evidence of, reference to, or argument interpreting the Hanover Insurance Policy at issue, particularly with respect to the Policy's delay period and/or 30-day waiting period.

---

marked as Exhibit 2, to determine how it defines delay period, correct?  A. Correct. Because that's not relevant to my assignment." (Cois Dep. at 47:21-48:2); "Q. Do you know how the policy in this case, Exhibit 2, defines a delay?  A. No.  Q. That's not something that you considered in forming your opinions in this case, correct?  A. Correct." (Cois Dep. at 46:21-47:1); "A. I reviewed [the Policy], but I didn't – it was opened. It was thumbed through to see what it was, and then it was closed because it wasn't pertinent to my evaluation." (Cois Dep. at 38:23-25); "Q. [The Policy] is not one of the documents that you relied upon in forming your opinions in this case, correct?  A. Correct." (Cois Dep. at 40:12-15.)

[3] "Q.  Do you consider yourself an expert in insurance coverage?  A. No." (Dutton Dep. at 17:6-8.) "A. . . I'm not holding myself out to be a policy expert in interpreting terms and conditions of the policy." (Dutton Dep. at 57:19-21.)

[4] "Q.  And you were not retained to calculate the delay.  So your discussion with respect to the waiting period is outside of the scope of your expertise then, is that correct?  A.  Other than just mentioning it because I just read it, yes." (Dutton Dep. 60:15-21.)

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: /s/ Constantine Z. Pamphilis
    Constantine Z. Pamphilis
    State Bar No. 00794419
    Nathan W. Richardson (*Pro Hac Vice*)
    State Bar No. 24094914
    1415 Louisiana Street, Suite 2100
    Houston, Texas 77002-7344
    (713) 220-8800 (Telephone)
    (713) 222-0843 (Facsimile)
    Email:  DPamphilis@kasowitz.com

                                    &

TILLOTSON LAW FIRM

    Jeffrey M. Tillotson
    State Bar No. 20039200
    1807 Ross Ave., Suite 325
    Dallas, Texas 75201
    (214) 382-3040
    Email:  jtillotson@tillotsonlaw.com

**ATTORNEYS FOR PLAINTIFF HALL ARTS CENTER OFFICE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on this the 14th day of October, 2019 on all counsel of record via CM/ECF, and/or email, pursuant to the Rules of Civil Procedure:

Marc C. Dodart
mark.dodart@phelps.com
Peri H. Alkas
peri.alkas@phelps.com
Chad Schreiber
chad.schreiber@phelps.com

            /s/ Nathan W. Richardson
            Nathan W. Richardson

6